# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KEILA MIRELIS ORELLANO RODRÍGUEZ<br><br>Plaintiff<br><br>v.<br><br>AIRBNB, INC.; AIRBNB Y/O HOST PROTECTION INSURANCE PROGRAM; ZURICH AMERICAN INSURANCE COMPANY; HECTOR SOTO and the CONJUGAL PARTNERSHIP held between him and JUDY DOE; (PR) CRAWFORD & COMPANY, INC.; ABC INSURANCE COMPANIES; CORPORATIONS ABC and DEF; JAMES and JANE DOE<br><br>Defendants | CIVIL NO.: _____<br><br>DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Mrs. Keila M. Orellano-Rodríguez, represented by the undersigned attorney and, respectfully states, alleges, and prays as follows:

I.  PRELIMINARY STATEMENT

1.  Plaintiff, Ms. Keila Mirelis Orellano Rodríguez, hereby brings this action under Puerto Rico local tort legislation, 31L.P.R.A. § 5141 et. seq., seeking compensatory damages to redress the physical and emotional damage suffered by her due to the negligent acts and omissions of the Defendants, as well as punitive damages.

1

2. As a direct consequence of the acts and/or omissions set forth herein, the plaintiff has suffered and continues to suffer severe emotional damages, which include, but are not limited to, pain and suffering, emotional distress, and mental duress.

3. Mrs. Orellano-Rodríguez was injured on January 27, 2023, while vacationing in an AIRBNB-hosted property in the municipality of Maunabo, Puerto Rico, advertised and/or named for business purposes as Villa Valeria II. The injury was the direct result of a window storm shutter on the property that was not in proper operating condition and fell suddenly over her right hand, causing a severe blow that fractured her hand and caused significant lacerations, among other severe damages.

4. This incident was prompted by the sole negligence of the owners, maintenance providers, operators, and promoters of the property (Villa Valeria II) and their employees and agents, who failed to maintain a safe environment for guests and who knowingly and negligently kept a harmful and dangerous condition at the property while failing to provide any warning regarding the precarious state of the storm shutter.

II. JURISDICTION AND VENUE

5. Plaintiff is an individual who resides in New York, United States of America.

6. All Defendants are legal entities or corporations domiciled, incorporated, and/or have their principal place of business in Puerto Rico or in various states of the United States other than New York.

7. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. § 1332 since the matter in controversy exceeds the sum of seventy- five thousand dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states.

8.     Pursuant to 28 U.S.C. § 1391(a), the proper venue is in the District of Puerto Rico because the events that serve as a basis for the causes of action herein described occurred in this district.

III.    PARTIES

  A. *Plaintiff*

9.     **KEILA MIRELIS ORELLANO RODRÍGUEZ** is of legal age and a citizen of the United States, domiciled and residing in the state of New York, USA. Her physical address is 1680 Pelham Parkway South, Apt. 215, Bronx, N.Y. 10467.

Defendants

  B. *Defendants*

10.    **AIRBNB, INC.** is a corporation or legal entity that owns or operates the advertising and rental platform used by plaintiffs to rent the property where the events alleged in this Complaint which is offered or advertised as Villa Valeria II. It has the capacity to sue and be sued but, according to the Active Corporations Registry, is not registered with the Puerto Rico Department of State.  However, it is responsible for some or all damages suffered by the plaintiff. It is believed, based on information and belief, that the address for the corresponding legal procedures can be the following: 416 Ave. Ponce de León, Suite 311, San Juan, PR 00918-3430 and/or CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

11.    **AIRBNB AND/OR HOST PROTECTION INSURANCE PROGRAM** is a rental platform used by the plaintiffs to rent the property where the events occurred and/or a claims management entity used by AIRBNB to process insurance or incident claims of properties advertised or offered for rental in their platform. This company, AIRBNB, had

an active policy at the time of the incident. It is a corporation or legal entity organized and/or conducting business in accordance with the laws of the Commonwealth of Puerto Rico, with the capacity to sue and be sued, and is the owner and/or administrator and/or lessee with control, and/or operation, and/or administration, and/or maintenance of the property where the plaintiff's accident occurred, thus it is responsible for all or part of the damages suffered by the plaintiff. Based on information and belief, it is understood that the address for the corresponding legal procedures is RVM Professional Services, LLC, A4 Reparto Mendoza, Humacao, PR 00791.

12.    **MR. HÉCTOR SOTO** is the person and/or the owner of Villa Valeria II, place where the events occurred, who also, at the time of the events described in this Complaint, by information and belief, was hosting the facilities of Villa Valeria II by the Airbnb. Mr. Soto and the Conjugal Partnership held between him and Judy Doe (denominated with a fictitious name since its identity is unknown at this time) respond jointly and severally for all the allegations contained in the present Complaint. His known address is 37 PR 760, Maunabo, PR 00707.

13.    **(PR) CRAWFORD & COMPANY, INC.** (from now on referred to as "Crawford") is a corporation organized under the laws of Puerto Rico and has its principal place of business and main office in Puerto Rico. The entity is the company responsible for managing third-party claims under the AIRBNB HOST PROTECTION INSURANCE program, an insurer that had issued an insurance policy in favor of the co-defendant, Mr. Héctor Soto, which was in force at the time of the events. Therefore, it covers the damages alleged in this Complaint and is responsible for the damages suffered by the plaintiff. It is an insurance company that, based on information and belief, provides liability

coverage for Villa Valeria II and Airbnb, Inc.; a coverage that includes the facts alleged herein and is responsible for the damages suffered by the plaintiff. Its physical address is Metro Office Park 6, Calle 1, Ste. 303, Guaynabo, PR 00968, and its designated offices are located at RVM Professional Services, LLC, A4 Reparto Mendoza, Humacao, PR 00791.

14.     **ZURICH AMERICAN INSURANCE COMPANY** is an insurance provider offering liability coverage to the Defendants referenced in the preceding paragraphs and shares joint liability with the defendants for the damages inflicted upon the plaintiff. Its physical address is located at 1299 Zurich Way, Tower II, Schaumburg, IL 60196-1056, and its mailing address is PO Box 968064, Schaumburg, IL 60196.

15.     Upon information and belief, **ABC INSURANCE COMPANIES** provide liability coverage for the co-defendants mentioned in the previous paragraphs and are jointly liable to the plaintiff for the damages caused by the co-defendants. They are here denominated with fictitious names that will be amended as soon as their names become known to Plaintiff.

16.     **CORPORATIONS ABC AND DEF** are companies that, according to information and belief, are associations, corporations, and/or legal entities jointly liable to the Plaintiff for the damages caused by the Defendants. They are here denominated with fictitious names that will be amended as soon as their names become known to Plaintiff.

17.     **JAMES AND JANE DOE** are individuals who may be jointly and severally liable to the Plaintiff for all the allegations contained in the present Complaint. They are denominated with fictitious names that will be amended as soon as their real names become known to Plaintiff.

18. All allegations and causes of action against any Defendant should be understood as also made against all other Defendants.

## IV. GENERAL FACTUAL ALLEGATIONS

19. The Plaintiff reserved, paid, and confirmed lodging in the property denominated Villa Valeria II in the Municipality of Maunabo, Puerto Rico, through the Airbnb digital platform.

20. As per the reservation, from January 25 to 28, 2023, Plaintiff visited Puerto Rico for vacation purposes and stayed at the property advertised as Villa Valeria II.

21. On January 27, 2023, Plaintiff suffered an incident involving one of the storm shutters on the property, which was not in good operating condition, was negligently placed and which fell suddenly over her right hand, causing a severe blow that fractured her hand and caused significant lacerations.

22. Due to this injury, Mrs. Orellano was taken to the Emergency Room of the Menonita Hospital in Guayama, Puerto Rico, where she received medical assistance.

23. As the Plaintiff was informed that possible treatment options could include amputation of her hand, she returned home to New York and sought specialized treatment.

24. Once in New York, Plaintiff had to undergo continuous medical treatments, including surgery to her right hand, in order to treat the fracture and physical damages caused by this incident.

25. This bodily injury has caused Ms. Orellano intense pain and has prevented her from performing daily routine tasks. The Plaintiff still suffers from severe pain and is affected by permanent impairment attributed to the incident described herein.

26. Beyond the physical trauma, the incident has also inflicted upon Ms. Orellano emotional distress, mental suffering, and financial loss due to her inability to work and the accumulation of medical expenses.

27. This incident was prompted by the sole negligence of the owners, maintenance providers, operators, and promoters of the property (Villa Valeria II) and their employees and agents, who failed to maintain a safe environment for guests and who knowingly and negligently maintained a harmful and dangerous condition at the property while failing to provide any warning regarding the precarious state of the storm shutter.

V.  CAUSES OF ACTION

28. Plaintiff re-alleges every allegation and/or averment stated in the preceding paragraphs as if fully set forth herein.

29. The Erie Doctrine mandates that local substantive law governs all matters that arise under diversity jurisdiction. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

30. Pursuant to the laws of Puerto Rico, a person who, by negligence or fault, causes damages to another person must repair the damage he has caused. Puerto Rico Civil Code (2020), Art. 1536, Title 31 L.P.R.A. § 10801.

31. Pursuant to Articles 1540 (vicarious liability) and 1541 (strict liability) of the Puerto Rico Civil Code (2020), Title 31 L.P.R.A. §10805 and § 10806, the owners or directors of a company or corporation are responsible for the damages caused by the negligent or faulty actions of its employees or agents, and for the damages caused by the condition of a property, or by the damages caused by an object falling from the property.

32. Likewise, an insurance company is responsible, separately and

independently from its insured, for every negligent or faulty action committed by its insured against another person/entity. Puerto Rico Insurance Code, 26 L.P.R.A. 101, et seq.

33.　Defendants are also liable to Plaintiff for a reasonable value of attorney's fees, costs, and expenses of this legal action, and Plaintiff is entitled to prejudgment interest.

## VI.　DAMAGES

34.　Plaintiff incorporates the averments and allegations set forth above as if fully transcribed herein.

35.　As a direct result of the actions and/or omissions of Defendants, Plaintiff has suffered and continues to suffer from physical and emotional damages.

36.　Due to the Defendants' negligence, Plaintiff cannot perform her daily tasks and chores.

37.　Plaintiff's physical and emotional damages are valued at no less than $800,000.

38.　Plaintiff's emotional damages are valued at no less than $250,000.00.

39.　Additionally, the imposition of punitive damages in an amount equal to any compensatory damages awarded is requested since the nature and extent of the acts and/or omissions that serve as the cause of Plaintiff's damages are demonstrative of wanton and reckless disregard for her life and safety.

## VII.　DEMAND FOR JURY TRIAL

40.　Plaintiffs demand a trial by jury as to all claims and issues alleged herein.

WHEREFORE, the Plaintiffs request and pray this Honorable Court to enter a

Judgment against all defendants, finding all defendants jointly and severally liable to the Plaintiffs for all the damages claimed herein, estimated in an amount no less than $800,000.00 in compensatory damages, in addition to punitive damages and costs of trying this action, together with prevailing pre and post-judgment interests, reasonable attorneys' fees for obstinacy, and such other equitable relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 27 day of January 2024.

**s/ Gregorio J. Igartúa Arbona**
GREGORIO J. IGARTÚA ARBONA, ESQ.
USDC No: 223405

**IGARTÚA & FUSTÉ LAW OFFICES**
P.O. Box 194921
San Juan, PR 00919-4921
Tel/Fax (787) 753-7753
Email: igartualaw@gmail.com
gj@igartualaw.com